## Ewell v. Best, Receiver.

(Decided November 13, 1917.)

### Appeal from Laurel Circuit Court.

Contracts—Who May Maintain Action for Breach of.—Where "E" advanced money to "F" under an agreement between them that the money should be paid by "F" to "W" to discharge certain debts that "F" owed, and "W," in taking the money, agreed with "F" that he would so apply it, if "W" violates his independent agreement with "F," "E" cannot maintain an action against "W" for breach of his contract.

H. C. CLAY for appellant.

HAZLEWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Ewell, as plaintiff below, brought suit in equity against McCalla FitzGerald, and Fred W. Weitzel, as receiver of the First National Bank of London, charging, in substance, that on April 23, 1914, he loaned to FitzGerald one thousand dollars, "for the purpose and with the express agreement and understanding between the plaintiff and defendant, FitzGerald, that all of said sum should be delivered and paid to the said Fred W. Weitzel, as receiver of the First National Bank of London, Kentucky, and by the said Weitzel applied as a payment on the indebtedness of the said FitzGerald to the First National Bank of London, Kentucky, by reason of certain overdrafts of said FitzGerald, amounting to the sum of $——.

"The plaintiff further says that in pursuance of the aforesaid agreement and understanding between plaintiff and defendant, FitzGerald, the said FitzGerald did on or about the 23rd day of April, 1914, pay and deliver to the said Weitzel the sum of one thousand dollars with the express agreement and understanding between said FitzGerald and Weitzel, and under the express direction of

the said defendant, FitzGerald, that all of said sum of money should be then and there applied by said Weitzel as receiver aforesaid, as a payment and credit on the indebtedness of said FitzGerald to said bank by reason of certain overdrafts then existing against said FitzGerald, and said Weitzel received said money and promised the defendant, FitzGerald, that he would so apply said sum of money. But the plaintiff says that the said Weitzel, instead of applying said money to the payment of said overdrafts, as he promised and agreed to do, failed so to do, and, on the contrary, without any authority whatever from said FitzGerald or from the plaintiff, and without the knowledge or consent of plaintiff and said FitzGerald, and against their will, the said Weitzel, receiver as aforesaid, wrongfully and in violation of said agreement, misapplied said sum of money by crediting that sum on an old note of many years' standing to which said FitzGerald's name was signed, but which was not to be paid by him. The plaintiff says that he and the defendant had no notice of said misapplication and payment until recently and the plaintiff says that if he had known that that said money would not be used for the payment of said overdrafts, but was to be applied on some other supposed indebtedness to said bank, he, the plaintiff, would not have furnished said FitzGerald said one thousand dollars and the said FitzGerald would not have paid the same to the said receiver."

He therefore asked judgment against Weitzel as receiver and also against FitzGerald for one thousand dollars.

Afterwards, John A. Best was appointed receiver in place of Weitzel, and he was made a defendant instead of Weitzel. To the petition, Best, as defendant, filed a general demurrer, which was sustained, and Ewell, declining to plead further, the petition was dismissed.

The only question in the case is, did the petition state a good cause of action against Weitzel as receiver, as there is no complaint about the action of the lower court in sustaining the demurrer as to FitzGerald?

The substance of this petition is that Ewell advanced to FitzGerald a thousand dollars under an agreement between him and FitzGerald that the money should be turned over to Weitzel to be applied as a payment on an overdraft due by FitzGerald; that afterwards FitzGerald gave the money to Weitzel under a like agreement between himself and Weitzel, but that, in violation of this agreement between FitzGerald and Weitzel, the latter

appropriated the money to pay an old note that Fitz-Gerald owed. It thus appears that FitzGerald performed his agreement with Ewell, but that Weitzel broke his agreement with FitzGerald. Now, the question is, could Ewell maintain an action against Weitzel on an agreement made between Weitzel and FitzGerald to which he was not a party? We think not. There were two separate agreements, one between Ewell and FitzGerald, the other between FitzGerald and Weitzel. Ewell could have sued FitzGerald for a breach of his agreement and Fitz-Gerald could have sued Weitzel for a breach of his agreement, but we do not see how Ewell could maintain an action against Weitzel for breaking his agreement with FitzGerald. The agreement between FitzGerald and Weitzel was not made for the benefit of Ewell. It was purely a matter between them, and we know of no authority that would allow a person not a party to a contract to maintain an action for its breach under the circumstances stated in the petition.

The judgment is affirmed.