## Spurrier, et al. v. Burnett, et al.

(Decided March 10, 1925.)

### Appeal from Meade Circuit Court.

1. Contracts—Promisee Must Owe Some Obligation to Beneficiary of Agreement to Support Action by Him.—Promisee must owe some obligation to person for whose benefit agreement was made to support action by beneficiary on agreement.

2. Contracts—Road Contractor could Not Sue for Breach of Agreement for Benefit of County and Highway Commission.—Where agreement was made between landowners promising right of way if proposed road were laid along certain route, and subsequently agreement was breached and construction hindered, contractor employed by state highway commission could not sue for damages, as county and state highway commission were mere beneficiaries and not parties to agreement.

WOODWARD, WARFIELD & DAWSON, T. F. BIRKHEAD and JOHN D. HARDIN for appellants.

H. L. JAMES and L. A. FAUREST for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the year 1920 G. C. Burnett, C. K. Bickett, Gabe Brown, and others, in order to induce Meade county and the State Highway Commission to locate the federal highway between Louisville and Paducah through the neighborhood in which they lived, executed the following agreement, which, it is alleged, was accepted by Meade county and the State Highway Commission:

"We, the undersigned subscribers, hereby subscribe, bind and obligate ourselves to pay the amount set opposite our names to help construct a federal highway in Meade county, Kentucky, known as the federal highway between Paducah, Kentucky, and Louisville, Kentucky, provided said highway passes through the following places in Meade county, Kentucky: Running from Tip Top to Grahampton, Kentucky, thence to Hog Wallow, thence to William Hilf's farm, and we further agree and bind ourselves to donate any lands or grounds necessary for a right of way for said federal highway, which is to be built according to federal and state plans, and we further guarantee the payment of said subscription to the Farmers' Deposit Bank, Brandenburg, Kentucky."

Thereafter, the State Highway Commission contracted with J. W. Spurrier, James Ellis, and Drury Smeathers, a partnership doing business under the firm name of Spurrier, Ellis and Smeathers, to build the highway. On reaching their farms, Burnett, Bickett and Brown declined to permit the contractors to proceed, whereupon, Meade county and the State Highway Commission brought suit against Burnett, Bickett and Brown to enjoin them from interfering with the construction of the highway. A temporary injunction was denied by the circuit court, but granted by a judge of this court. Thereafter, the injunction was made permanent, and the judgment was affirmed. Bickett v. Meade County, 200 Ky. 157, 252 S. W. 1017.

This action was brought by the contractors against Burnett, Bickett and Brown to recover damages in the sum of $16,282.00, which it is claimed they sustained by reason of the delay occasioned by the wrongful acts of the defendants. Various pleadings were filed, but the court sustained a demurrer to the petition as amended, and plaintiffs having declined to plead further, the petition was dismissed. Plaintiffs appeal.

A breach of the contract above set out is the sole ground on which a recovery is sought. The general rule that only a party to the contract may sue for its breach is conceded, but it is insisted that this case falls within the exception that gives a right of action to a third person for whose benefit the contract was made. It must not be overlooked that to support a suit by a person for whose benefit the contract was made the promisee must owe him some obligation or duty when the contract is made; it is not sufficient that he would be benefited by performance. Fidelity & Casualty Company of New York v. Martin, 163 Ky. 12, 173 S. W. 307. In view of this rule, it is difficult to see upon what theory it can be said that the contract in question was made for the benefit of appellants. The purpose of the contract was to give a right of way. Those intended to be benefited were Meade county and the State Highway Commission. Even they were not parties to the contract, and could not bring an action thereon except on the theory that the contract was made for their benefit. To go further and say that a contract intended for the benefit of third persons was also for the benefit of all other persons with whom such third persons might contract would remove all limitations

on the rule and result in unlimited liability on the part of a contracting party. We, therefore, conclude that appellants do not fall within the exception, and that the circuit court did not err in holding that the petition did not state a cause of action.

Judgment affirmed.