### BABCOCK et al. v. TOWN OF ERLANGER.

No. 4137.

District Court, E. D. Kentucky.

Aug. 24, 1940.

Rouse, Price & Adams, of Covington, Ky., for complainants.

Barbour & Bassmann, of Newport, Ky., for intervener Hailey & Co.

McKnight & Shuff, of Georgetown, Ky., for intervener R. C. Stout.

SWINFORD, District Judge.

The question presented for determination is the right of a third party to intervene under Rule 24, Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The facts briefly are these:

The complainant, Reynolds and Company, entered into a written contract with the defendant, Town of Erlanger, to purchase water works bonds in the amount of $175,000. The contract was the usual contract of this character. The complainant, under the terms of the contract, advanced $41,000, less commissions, for the purpose of liquidating a pre-existing obligation secured by a lien on certain water works equipment then in existence. Work commenced on the project by contractors employed by the defendant.

The complainant declined to fulfill its contract on the ground that certain misrepresentations of material facts had been made by the defendant at the time of the execution of the contract.

The complainant then brought this suit to rescind the contract on the ground of misrepresentation and fraud in its procurement. It also seeks to recover the money advanced.

The contractors employed by the city to build the water works system seek to intervene and ask judgment against the complainant for the amount expended by them in partial construction of the system before complainant announced its refusal to carry out the contract. Rule 24, insofar as the claims of the interveners here are concerned, is as follows:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to

intervene in an action: (1) When a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The interveners must come within some provision of this rule in order to succeed.

We may assume that the motion was timely.

█ The real question for determination under the facts here involved is whether the intervening petitions accompanying the motions state causes of action against the complainant.

The question of intervention as a matter of right, Rule 24(a), or by permission of the court, 24(b), must be tested by this criterion.

█ This rule amplifies and restates both at law and in equity the federal practice at the time of its adoption. Washington Institute on Federal Rules, page 67.

█ The cases prior to the adoption of the rule are therefore in point on this question. Radford Iron Co. v. Appalachian Electric Power Co., 4 Cir., 62 F.2d 940; United States v. Houde Engineering Corporation, D.C., 9 F.Supp. 836, 839.

██ I am of the opinion that the proposed pleadings accompanying the motions to intervene do not meet the requirement. There is no privity of contract between the interveners and the complainants. National Savings Bank v. Ward, 100 U.S. 195, 25 L.Ed. 621. To so hold would be to bind complainants to the interveners with no obligation on the part of the interveners to the complainants. The right to intervene should not be a matter of specu-

lation. The pleading accompanying the motion to intervene should set up the interest of the party just as in an original bill. Rhinehart v. Victor Talking Machine Company, D.C., 261 F. 646.

The position of the interveners is untenable. There is no res in court in which they have an interest. There is no right which they have which would be denied them by a judgment of this court whether in favor of the complainant or defendant. The fund sought to be recovered by the complainant is certainly not a fund in court over which there is litigation within the meaning or contemplation of the rule. This is a direct and simple proceeding to cancel a contract on the ground of fraud. The court is called upon to say "yes" or "no" to the prayer of the plaintiff's bill. If the court says "yes" there was fraud, the money paid to the defendant must be returned. Certainly interveners cannot seriously contend that they would still have a claim upon this sum of money. If the court says "no" there was no fraud, then the contract is still in force and the interveners may proceed to enforce their rights against the defendant to collect for materials furnished or work done in accordance with this agreement with the defendant.

The contention that the interveners are beneficiaries under the statute is clearly erroneous. Sections 2741L-6 and 2741L-28 and related sections, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, provide that all money received from any issue shall be used for the sole purpose of establishing and erecting the system and for certain interest payments, and further creates a mortgage lien on the water works system to secure the bondholders. A mere reading of the statutes should convince interveners of this. It does not admit of argument or discussion.

I think the question presented here is determined in the case of Ewell v. Best, Receiver, 177 Ky. 673, 198 S.W. 4, and in Spurrier v. Burnett, 207 Ky. 736, 270 S.W. 25, 26. In the latter case the court said: "The general rule that only a party to the contract may sue for its breach is conceded, but it is insisted that this case falls within the exception that gives a right of action to a third person for whose benefit the contract was made. It must not be overlooked that to support a suit by a person for whose benefit the contract was made the promisee must owe him some ob-

296

ligation or duty when the contract is made; it is not sufficient that he would be benefited by performance. Fidelity & Casualty Company of New York v. Martin, 163 Ky. 12, 173 S.W. 307, L.R.A.1917F, 924."

■ It is advanced in argument of counsel that the intervention should be permitted because of the fact that the defendant would not vigorously defend the proceeding. This is without merit. In the case of In re Engelhard & Sons Co., 231 U.S. 646, 34 S.Ct. 258, 259, 58 L.Ed. 416, the court said: "In other words, the apprehension is expressed and made a basis of the petition for leave to intervene, that, the city, which has so far conducted the litigation—and with success—may or will relax its attention and energy to the detriment of petitioner and the other subscribers of the company. This does not present a very strong plea against the discretion of the court exercised, supposing the court had discretion to grant or refuse the petition."

Counsel for both the intervener Stout and for the intervener Hailey and Company have cited a vast number of authorities in support of their claims to intervene. I have examined all of these authorities with the exception of a few that were not available to me and have not found one that is analogous to the case at bar. I have read and re-read the briefs and conclude that the interveners do not have a very definite theory of why they should be permitted to intervene. There is no privity of contract. No element of trusteeship, no fund in court to which they could possibly lay claim, and no statutory enactment conferring upon them the right to intervene.

■ This is simply an action to cancel a contract, as I have heretofore said. Complainant is entitled to present the clear cut question of fraud in the procurement of a contract and the court should not permit the introduction of litigation having no relation to that opened by the original complaint. Chandler & Price Co. v. Brandtjen & Kluge, 296 U.S. 53, 59, 56 S. Ct. 6, 80 L.Ed. 39.

The motion to dismiss the application to intervene in both the case of Stout and Hailey and Company should be sustained.

Counsel for complainant will prepare and submit proper orders in conformity herewith.