**STRICKLER ENGINEERING CORP.**

**v.**

**MICHAEL FLYNN MANUFACTURING COMPANY.**

Civ. A. No. 23257.

United States District Court
E. D. Pennsylvania.

Dec. 11, 1958.

ing to transfer of interest but has used the following caption:

| | |
|---|---|
| Tri-M, Inc.<br>　　　Plaintiff<br>　　v.<br>Strickler Engineering<br>Corp. and Michael Flynn<br>Manufacturing Co.,<br>　　Defendants | Civil Action<br>No. 23257 |

Also, in the amended complaint, Tri-M, Inc. is seeking damages by virtue of the fact that Flynn failed to deliver the boilers under its contract with Strickler, and Strickler in turn could not deliver the boilers to Tri-M, Inc. pursuant to their contract.

■ Without dwelling on the many possible ramifications of the facts just presented and the nature of Tri-M's motion and amended complaint, the Court feels that this motion is not proper in the present action between Strickler and Flynn. While we do not decide whether Tri-M could start a separate action similar to that set forth in its motion and amended complaint pursuant to Rule 20(a), 28 U.S.C.A., the Court is of the opinion that Rule 20(a), 28 U.S.C.A. does not relate to the intervention and realignment sought by Tri-M, Inc. in the present action.

Although Tri-M, Inc. has not referred to any of the other rules, they would not aid in support of its motion.

■ Under Rule 24(b) (2), 28 U.S.C. A. relating to permissive intervention, the Court, in exercising its discretion, feels that Flynn will be prejudiced by allowance of this motion and also that Tri-M's claim does not involve a common question of law or fact in the claim of Strickler v. Flynn, but introduces a new cause of action against Strickler and Flynn as defendants. Babcock v. Town of Erlanger, D.C.E.D.Ky.1940, 34 F. Supp. 293.

■ Tri-M, Inc. could possibly come under Rule 25(c), 28 U.S.C.A. relating to the substitution of parties and trans-

---

D. Alexander Wieland, Brown, Brown & Wieland, Philadelphia, Pa., for plaintiff.

Edwin P. Rome, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for defendant.

Owen B. Rhoads, Philadelphia, Pa., for Tri-M, Inc.

EGAN, District Judge.

This case is before the Court on motions by Tri-M, Inc. for leave to be joined as a party plaintiff and leave to file an amended complaint.

The alleged facts involved are that the defendant, Michael Flynn Manufacturing Company (hereafter Flynn) contracted to sell two marine boilers to R. D. Stephens (hereafter Stephens), an agent of the plaintiff, Strickler Engineering Corp. (hereafter Strickler). Thereafter Strickler agreed to sell these boilers to Tri-M, Inc. When Flynn failed to deliver the boilers, Strickler brought this action to recover damages for breach of contract. Stephens assigned his rights in the Flynn contract to Tri-M, Inc. and Strickler assigned all its rights in the Flynn contract and all its interests in this law suit to Tri-M, Inc. However, Tri-M, Inc., in its motion under the present civil action number, is not acting pursuant to Fed.Rules Civ.Proc. Rule 25(c), 28 U.S.C.A. relat-

fer of interest if its claim were merely that of an assignee of Strickler and against Flynn alone, but it is seeking greater rights against Flynn than an assignee and is also seeking to hold its own assignor as a defendant. Therefore the Court is of the opinion that Tri-M, Inc. is seeking a complete realignment, not merely a substitution.

These motions have presented a unique problem under the Federal Rules of Civil Procedure. However, upon consideration of the briefs and oral argument, the motions of Tri-M, Inc. are denied.