**TRUE GUN–ALL EQUIPMENT CORPORATION, Plaintiff,**

v.

**BISHOP INTERNATIONAL ENGINEERING CO., Defendant.**

**No. 909.**

United States District Court
E. D. Kentucky,
Covington Division.

Sept. 19, 1960.

Lester & Riedinger, Charles E. Lester, Jr., Newport, Ky., Rose & Short, Earl B. Rose, Beattyville, Ky., for plaintiff.

Taft, Stettinius & Hollister, Leonard Weakley, Robert T. Keeler, Cincinnati, Ohio, for defendants.

Frost & Jacobs, H. J. Siebenthaler, Robert L. Logan, Jr., Cincinnati, Ohio, A. D. Yelton, Frankfort, Ky., for intervenor.

SWINFORD, District Judge.

The motion of The Goldsmith Metal Lath Company to intervene as a party plaintiff should be overruled. An intervention introduced into litigation having no relation to the original complaint will not be permitted. Babcock v. Town of Erlanger, D.C., 34 F.Supp. 293.

In the case at bar the original pleading raised the issue of ownership of certain machines used in the erection of the physical plant of The Kentucky Jockey Club, Inc. The application for intervention indicates no interest of the intervenor in that issue but raises the entirely separate question of the liability of a prime contractor for materials used by him but purchased by a sub-contractor who subsequently defaulted in his contract. The claim of the intervenor departs entirely from the field of litigation between the original parties and to permit such intervention would serve only to complicate the issues, delaying the termination of the case.

The court's jurisdiction is limited and controlled by Rule 24(b) (2), Rules of Civil Procedure, 28 U.S.C.A. This statutory provision permits intervention when an applicant's claim or defense and the main action have a question of law or fact in common. A study of the record, with the help of the authorities and briefs, has revealed no question of law or fact in common to both the original action and that set forth in the intervenor's complaint. There is no res in court in which they have a common interest; there is no right which the intervenor has which would be denied it by a judgment, either in favor of the original complainant or the defendant.

It is essential that the applicant shall claim an interest in the matters in controversy between the plaintiff and original defendant. The purpose for which permission to intervene may be given is that the applicant may be put in position to assert in that suit a right which it has in respect to something in dispute between the original parties. This rule really introduced no new procedure but merely amplifies and restates the federal practice, both at law and in equity. Washington Institute on Federal Rules, P. 67; Babcock v. Town of Erlanger, supra; Chandler & Price Co. v. Brandtjen, Inc., 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39.

The reasoning of the intervenor cannot be accepted as a fair deduction from the language of the rule, even on a most liberal construction. Its principal argument is that to deny its motion the court creates a tedious and difficult situation and will result in great inconvenience in bringing its claim to judgment. The court's construction of the rule cannot be based on a matter of convenience or the law would have no substance whatsoever. Actually, what the intervenor is claiming is that when a defendant is sued, any creditor may intervene and assert his independent claim against that defendant. No other rational conclusion can be reached where it is shown clearly that there is no relation whatever between the rights of the original plaintiff and the intervenor as in the case at bar.

An order in conformity with this memorandum is this day entered.