**UNITED STATES of America, Appellant,**

v.

**TAPOR-IDEAL DAIRY COMPANY, Inc., Appellee.**

**No. 14122.**

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1960.

Mark Joelson, Department of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., Russell E. Ake, U. S. Atty., Cleveland, Ohio, Samuel D. Slade and William A. Montgomery, Attys., Department of Justice, Washington, D. C., on brief, for appellant.

Loyal V. Buescher, Cleveland, Ohio, Paul W. Walter and Loyal V. Buescher, Walter & Haverfield, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, MARTIN and O'SULLIVAN, Circuit Judges.

ORDER.

This appeal is from an order of the United States District Court dismissing a complaint brought by the Government under the Agricultural Marketing Agreement Act [7 U.S.C.A. § 601 et seq.].

A mandatory injunction was sought by the Government to require the defendant, Tapor-Ideal Dairy Company, Inc. (now appellee), to pay Dorset Cooperative Milk Company nearly ten thousand dollars for milk, which Tapor-Ideal had purchased from the Dorset Company. Appellant charged that the failure of the Dairy Company to pay the claimed amount constituted a violation of a specified order promulgated under the above-mentioned Act relating to control of the milk industry in the Cleveland, Ohio, area.

The appellee milk company avers that the disputed account had been settled; and that the Dorset Company had accepted the sum of some twenty-eight thousand dollars in full settlement, accord and satisfaction of the entire amount owed.

The controversy was tried in the district court on stipulated facts. Diver-

gent views were advanced by the parties as to the appropriate interpretation of the pertinent section of the Marketing Act by the Supreme Court of the United States in United States v. Ruzieka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290. The District Court concluded that the Supreme Court's decision and opinion did not support the insistence of the Government in the present case. The United States District Judge held that the district court had jurisdiction to hear disputes arising under the Marketing Act, so long as the disputes require no special understanding of the milk industry and are of a strictly legal nature of the character found here; and the assumption of jurisdiction does not hinder or affect adversely the orderly administration of the program described. The Court considered that the assumption of jurisdiction by it did not in any way prejudice the functioning of the Cleveland area milk pool.

We think the order of the United States District Court, 175 F.Supp. 678, dismissing the complaint, should be affirmed upon the well-reasoned grounds set forth in the opinion of Judge Weick. It is so ordered.