Bernard **SLUSARSKI**

v.

**UNITED STATES LINES CO.**

v.

**MARITIME SHIP CLEANING AND MAINTENANCE CO., Inc.**

**Civ. A. No. 22944.**

United States District Court
E. D. Pennsylvania.

Sept. 29, 1961.

Freedman, Landy & Lorry, Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Rowle & Henderson, Harrison G. Kildare, Philadelphia, Pa., for United States Lines Co.

Blank, Rudenko, Klaus & Rome, John B. Brumbelow, Philadelphia, Pa., for Maritime Ship Cleaning and Maintenance Co., Inc.

Krusen, Evans & Byrne, T. E. Byrne, Jr., Philadelphia, Pa., for American Mut. Liability Ins. Co., Intervenor.

KRAFT, District Judge.

This action for damages for personal injuries was tried to a jury in October, 1959, and resulted in judgments in favor of the plaintiff and against the defendant in the sum of $28,924, and in favor of the third-party plaintiff and against the third-party defendant, plaintiff's employer, in a like sum.

We are advised that, thereafter, all parties agreed that, in lieu of pursuing motions for a new trial, the judgment would be satisfied by payment of $27,500.

On November 29, *1960,* American Mutual Liability Insurance Company ("American") filed its petition to intervene in the action, and the case is now before us on that petition and plaintiff's answer thereto.

The petition alleges that American had issued its policy of insurance covering the third-party defendant's liability; that the policy was known as a "Workmen's Compensation and Employer's Liability Policy"; that the limit of American's coverage under the policy is $25,000; that American has paid to plaintiff "its full limit of coverage in the amount of $25,000"; that American has made demand upon plaintiff for the sum of $4,472.32, the amount American paid plaintiff by way of medical expense and compensation payments; that plaintiff has refused and persists in refusing to pay American the sum of $4,472.32, "but instead has offered to pay only the sum of $1,972.32 upon the theory that he has not yet received the difference of $2,500 on account of the total consideration of $27,500 which he was entitled to receive."

American claims to be entitled to recover its full subrogation interest of $4,472.32. While it asserts that it files the petition requesting us to "direct the payment of the said sum in satisfaction of its subrogation interest," it appears from American's brief that its *real* purpose goes much further. It is now evident that, in addition to the policy of insurance already mentioned, American had issued to the third-party defendant a Manufacturers' and Contractors' Liability Policy with a limitation of $300,000. American asserts that determination of the question which policy covers the third-party defendant's liability to indemnify defendant will determine whether American must indemnify the third-party defendant for the entire judgment or only a part thereof. In short, as American admits, it seeks in this collateral proceeding a declaratory judgment "so that the liabilities of American and Maritime inter se may be adjusted upon the proper basis."

The mere statement of the case, we think, demonstrates American's want of standing to intervene. American relies heavily upon The Etna, 3 Cir., 1943, 138 F.2d 37. The facts in that case, and the basis of the decision, sufficiently appear in the following part of the opinion (at pages 41, 42):

"There remains the question whether the employer's right of subrogation may be enforced by his intervention in the employee's suit in admiralty against third persons. We think it can be. The right so to intervene and to claim the proceeds in the registry of the court are allowed respectively by Rules 34 and 42 of the Admiralty Rules, 28 U.S. C.A. following section 723. The fund now in the registry of the District Court is an appropriate proportion of the damages recovered for the injury which was the basis and cause of the compensation payments made by the employer for which it seeks reimbursement. The claim of the intervenor thus relates directly to the proceeds derived in admiralty for the injury by reason whereof the employer made the payments which it was under a duty to do by reason of the Longshoremen's Compensation Act. Cf. Universal Ins. Co. v. Old Time Molasses Co., 5 Cir., 46 F.2d 925, 927, and Mason v. Marine Ins. Co., 6 Cir., 110 F. 452, 455, 54 L.R.A. 700. In The Propeller Monticello v. Mollison, 58 U.S. 152, 156, 17 How. 152, 156, 15 L.Ed. 68, the Supreme Court said, by way of dictum, that: 'The insurer may at all times intervene in courts of admiralty, if he has the equitable right to the whole or any part of the damages.' The right of a principal so to

intervene can hardly be less. The rights of an insurer can rise no higher than those of the employing principal."

On the other hand, intervention in this civil action is governed by F.R.Civ.P. 24, 28 U.S.C.A.:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof. * * *

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. * * "

It is clear, without extended discussion, that none of the prescribed conditions to intervention, whether of right or permissive, is present in the instant case. The controversy between American and its insured involves issues completely foreign to those concerning the liability of defendant and the third-party defendant for plaintiff's injuries, and presents no question of law or fact in common therewith. The rule is well settled that an intervention introducing litigation having no relation to that opened by the original complaint will not be permitted. Babcock v. Town of Erlanger, D.C.E.D. Ky.1940, 34 F.Supp. 293; True Gun-All Equipment Corp. v. Bishop International Engineering Co., D.C.E.D.Ky.1960, 26 F.R.D. 150.

A further consideration fatal to American's petition to intervene is found in the requirement of Rule 24 of "timely application." Where, as here, all issues have been resolved and the litigation concluded, with entry of judgment, we think the application is clearly too late.