MARIO MERCADO RIERA ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, JUDGE, Respondent.

No. C-63-51. Decided October 16, 1963.

*Charles R. Cuprill, Pedro M. Porrata,* and *Benjamín Ortiz* for petitioners. *Efraín Goglas Carvajal* for interveners. *Raúl Matos* for plaintiff in the main action.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

This appeal arose from a judicial action brought by Margarita Mercado Riera on March 27, 1956, seeking the division of the community of property existing among the heirs of Mario Mercado Riera Montalvo.

It was alleged in the complaint that plaintiff as well as her surviving brother and sister, Mario and María Luisa, and the heirs of Adrián Mercado Riera were co-owners of 24 pieces of real property described therein and that plaintiff did not wish to continue the community. She therefore prayed the court to decree the division or partition of the real property either by material adjudication of part thereof or by the adjudication of certain real properties to each one, as equitably as possible. She prayed the court to adopt any measures necessary to accomplish such purpose. She also requested to decree the expiration as of June 30, 1956, of the lease contract which Mario Mercado Montalvo executed in favor of Mario Mercado e Hijos on August 10, 1932, in regard to the undivided interest of plaintiff.

On December 7, 1956, the court rendered partial summary judgment. The determination of the value of the real property remained pending.

On January 23, 1959, judgment was rendered in the action sustaining the complaint and ordering that each and every one of the real properties involved therein be sold at public auction. Plaintiff moved for reconsideration and on April 30, 1959, the court rendered judgment on reconsideration. It was provided therein that "the purchaser or purchasers in the auction sale shall take immediate possession of the different real properties described in the complaint and in the original judgment, and the marshal of this court is accordingly ordered to execute the deed of judicial sale after the said real properties are sold at public auction and to proceed forthwith to deliver the material possession thereof to the purchaser or purchasers."

We agreed to review that judgment. We affirmed it. *Mercado* v. *Mercado et al.*—per curiam decision of January 19, 1961. It was affirmed by the Court of Appeals for the First Circuit on the following April 26.

In order to execute the judgment, three public auctions were held on October 25, 1961, October 11, 1962, and January 9, 1963, all the real properties with the exception of two having been sold. In the last auction sale several properties were adjudicated to plaintiff Margarita Mercado Riera, among them "La Feliz" property, involved in the incident under consideration.

On January 12, 1963, the marshal of the Superior Court, Ponce Part, executed a deed of judicial sale transferring every right in the said real properties in favor of plaintiff. That same day and before the same notary plaintiff sold to Eleuterio Montalvo Ramírez and Felipe Pérez Cortés four of the properties which she had acquired at public auction, among them "La Feliz."

Mario Mercado Riera, as co-owner, and Mario Mercado e Hijos, as crop creditor, appellants herein, claimed from Montalvo and Pérez the ownership of the canes planted in 80 of the 500 cuerdas of "La Feliz" property. The purchasers refused to recognize in their favor any right to those canes.

Thereupon the purchasers resorted to the Superior Court to determine, within the division of community proceeding, who was the owner of the canes. Defendant co-owners objected alleging that the court lacked jurisdiction to entertain this matter within the action for division of community. They contended that that action had terminated, since the judgment had been executed and that indeed it was not proper to discuss within the same action a question which affected persons who had not been parties and were alien to the subject matter of the action.

In their motion the purchasers alleged that the co-owners were planters in bad faith and that the canes belonged to them because the defendants were not third parties in good faith. No evidence of any kind was offered to the court and the case was decided on the briefs filed by the parties.

The Superior Court dismissed the jurisdictional question and declared that the canes were the property of the purchasers because defendant co-owners had acted in bad faith.[1] It imposed upon them $500 for attorney's fees.

We agreed to review the order issued.

■ The trial court erred in taking cognizance of the motion. The case on which it relied in support of its order, *Santana v. Quintana*, 51 P.R.R. 770 (1937), is manifestly inapplicable. The holding in that case, citing from the headnotes, is that "subject to the contingencies which may deprive him of the right to collect in whole or in part a judgment assigned to him by his failure to give immediate notice of the assignment, an assignee is entitled to a writ of execution

---

[1] By stipulation of the parties the canes were ground.

and there is no need that he be previously and formally substituted as a party to the action." There is no question about this. The assignee of a judgment may execute the same without the need of requesting intervention in the action, since he is in the same position as the judgment creditor. But that is not the situation of facts in this case. Here, after the judgment was executed and a piece of real property was adjudicated to plaintiff, the latter sold it to other persons who together with the vendor seek to settle, within the action already terminated by execution of the judgment, a controversy completely extraneous to the question raised in the main action.

 It is well to point out that no motion for leave to intervene was filed as required by Rule 21.4 of the Rules of Civil Procedure of 1958, but we interpret the action of the court taking cognizance of the motion as authorization to do so.

 We have accepted the intervention even after judgment has been rendered where, as in *Gerena* v. *Lamela*, 79 P.R.R. 544 (1956), it is the only means whereby the applicant may assert its rights. To that effect we said: "Although the intervention, after judgment is rendered, is unusual and is not permitted as a general rule, it is proper, however, if it is the most effective means of protecting the rights of the interveners, who would otherwise be bound by the outcome of the case, particularly in a case like this in which the other party affected thereby does not appeal. 4 Moore, *Federal Practice* 16, § 24.13 (2d ed. by Matthew Bender & Company, 1955); *Rodríguez* v. *District Court*, 68 P.R.R. 904, 906 (Marrero) (1948)." But we have already seen that in the instant case the judgment is not only final and unappealable (*firme*), but has been executed. 4 Moore, Federal Practice 99–100, § 24.13 (2d ed. 1962);

Annotation, *Time for Intervention*, 37 A.L.R.2d 1306, 1352 (1954).

■ The rule is also well settled that intervention does not lie whenever the question raised is different from that involved in the action. In *Slusarski* v. *United States Lines Co.*, 28 F.R.D. 388, 390 (D.C.E.D. Penn. 1961), it was said: "The rule is well settled that an intervention introducing litigation having no relation to that opened by the original complaint will not be permitted. *Babcock* v. *Town of Erlanger*, D.C.E.D. Ky. 1940, 34 F.Supp. 293; *True Gun-All Equipment Corp.* v. *Bishop International Engineering Co.*, D.C.E.D. Ky. 1960, 26 F.R.D. 150." And in *Chandler Co.* v. *Brandtjen, Inc.*, 296 U.S. 53, 59 (1935), the Supreme Court of the United States stated that:[2]

". . . It is essential that the applicant shall claim an interest in the matters there in controversy between the plaintiff and original defendant. The purpose for which permission to intervene may be given is that the applicant may be put in position to assert in that suit a right of his in respect of something there in dispute between the original parties. Intervenor's counterclaim, involving nothing in which defendant is concerned, does not constitute the interest referred to in Rule 37.

"Exclusion from the litigation of that demand is consonant with reason and in the interest of justice. Introduction by intervention of issues outside those that properly may arise between the original parties complicates the suit and is liable to impose upon plaintiff a burden having no relation to the field of the litigation opened by his bill."

The case of *Babcock* v. *Town of Erlanger*, 34 F.Supp. 293, 296 (D.C.E.D. Ky. 1940), presents certain facts which serve to illustrate the rule we have just stated. A company entered into a contract with the town of Erlanger for the

---

[2] It is conceded that the decisions prior to the adoption of the Federal Rules of Civil Procedure are applicable, since the latter codify the existing practice. *Babcock* v. *Town of Erlanger*, 34 F.Supp. 293, 295 (D.C.E.D. Ky. 1940).

purchase of certain bonds for the purpose of constructing an aqueduct. A certain amount of money was advanced and the works commenced after the town contracted the construction thereof. The company which purchased the bonds declined to fulfill its contract for the purchase of bonds alleging that the municipality had misrepresented certain facts, and brought action to rescind the contract on the ground of fraud and to recover the money advanced. The contractor to whom the construction of the work had been awarded sought to intervene and asked that judgment be rendered against plaintiff company ordering it to pay what he had expended up to that date in the work performed. Intervention was not permitted. And citing the case of Chandler, it was said:

"This is simply an action to cancel a contract, as I have heretofore said. Complainant is entitled to present the clear cut question of fraud in the procurement of a contract and the court should not permit the introduction of litigation having no relation to that opened by the original complaint."

To the same effect, see: *Columbia Gas Co.* v. *Amer. Fuel Coal*, 322 U.S. 379, 383 (1944) ; *New York Central Railroad Company* v. *United States*, 200 F.Supp. 944 (D.C.S.D. N.Y. 1961) ; Annotation, *Intervention as a Matter of Right*, 84 A.L.R.2d 1412 (1962) ; 2 Barron & Holtzoff, Federal Practice and Procedure § 594 (ed. 1961) ; *cf. Becton* v. *Greene County Board of Education*, 32 F.R.D. 220, 221 (D.C.E.D. N.C. 1963) ; and *Díaz* v. *Frontera*, 65 P.R.R. 655 (1946).

▪ ■ In an action for division of community it is not proper indeed to discuss the rights which another person may have in the plantations of cane existing in one of the properties object of the division and which was adjudicated to one of the parties and later sold to a third person. The position of Pérez and Montalvo is tantamount to holding that any controversy involving the fruits from the properties

object of the division may be resolved within an action for division of community. And we have already seen that a question outside the main action cannot be interpolated.

The concurrence of the vendor, plaintiff in the action for division of community, in the motion filed by the purchasers does not have the effect of giving them the right to intervene. The vendor herself could not have interpolated the new controversy in the main action. The essence is the subject matter, not the parties.

■ Furthermore, we fail to see how it is possible to make such adjudications in the order on review—that defendant co-owners planted in bad faith—without receiving evidence on this point to enable the court to make a determination. It is well to point out that co-owner Mario Mercado asserts that after the expiration of the lease contract which the community had with Mario Mercado e Hijos, he, as co-owner, and with the authorization of the heirs of Adrián Mercado and the consent of María Luisa, continued cultivating the canes planted for the benefit of all the co-owners. But, as stated before, no evidence was presented and a controversy of this nature indeed cannot be decided without hearing evidence which, had it been proper to admit within the action, the plaintiff would have been bound in any event to present first.

The order appealed from will be set aside.