### BALTIMORE & O. R. CO. et al. v. THOMPSON et al.

No. 4999.

District Court, E. D. Missouri, E. D.

March 31, 1948.

Smith, Burgess & Thomas of Chicago, Ill., Wilton D. Chapman and E. C. Hart-

man both of St. Louis, Mo., and F. W. Schwarz, of Webster Grove, Mo., for plaintiffs.

Thos. T. Railey, Toll R. Ware, M. G. Roberts, S. G. Ray, John E. McCullough, John W. Murphy and Clyde W. Fiddes, all of St. Louis, Mo., for defendants.

C. M. Roddewig and E. I. O'Connor, both of Chicago, Ill., and Lackland H. Bloom, of St. Louis, Mo., for intervenor.

HULEN, District Judge.

■ Application of Chicago & Eastern Illinois Railroad Company to intervene, presented under Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, raises the question of intervention of right and permissive intervention. As to intervention of right, intervenor's brief presents as a basis therefor that provision of the Rule reading as follows: "(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * * ". During oral argument counsel for intervenor forcibly disclaimed any present inadequacy of defendants fully and properly to present the issues now in the case. If intervenor is not a party to this case the judgment will not be res adjudicata. At most this Court's ruling might ripen into an authority which could be cited in aid of or against intervenor in litigating a claim against plaintiffs in another action. On the record intervention is not authorized as of right under the Rule.

■ Permissive intervention is urged under that portion of the Rule reading: "(2) when an applicant's claim or defense and the main action have a question of law or fact in common." The method of division of land grant rate revenue set forth (paragraph 18) in intervenor's tendered answer on traffic over intervenor's lines, passing to plaintiffs and settled by plaintiffs, is vague. We are not able to conclude the method is the same as that used by plaintiffs on traffic over lines involved in the present action, and the answer does not so allege. It does not appear that intervenor operates in southwestern territory served by defendants. We are not informed if intervenor is a competitor of one or more of plaintiffs. But the allegations of paragraph 9 of intervenor's answer might broaden the issues in this case. We cannot now determine the extent to which they may be enlarged. We conclude on applicant's defense and counterclaims set out in tendered pleading, it is not certain questions of law and fact will necessarily be the same or confined to those presented on the issues as now in this case.

A companion case to the pending one originated in this Court in November of 1943. This Court rendered judgment in that case the 2d day of February, 1945. 59 F.Supp. 21. The Court of Appeals rendered its judgment on the 10th day of June, 1946. 8 Cir., 155 F.2d 767. The present plaintiffs in the companion suit sought a judicial determination of proper division of land grant rates. The Court of Appeals held the issue was not in the case under the pleadings. The present litigation was initiated November 1, 1946. The parties now seek solely a determination of legal division of land grant rates and accounting which was denied in the original action. Not until after this case was set for trial and plaintiffs amended their pleadings, so that a judgment could not affect settlements with intervenor on land grant rates, does intervenor seek to come into this case.

We believe if intervention is permitted it will not simplify the issues. We view the case as now formed a complicated one. We are loath to add to its complexity; particularly so when intervenor can now and could for several years past have sought his day in court on any controversy it has with the parties to this case. Intervenor's case and its position, as we view it, constitutes an effort to graft on to the present litigation a suit wholly between some of the plaintiffs and intervenor. Its determination will require evidence in addition to that necessary to determine the issues between the present parties to the action. It may require additional ruling on points of law. It is another and additional law suit. Stripped of reference to rules, the real result of granting intervenor's motion would be to permit consolidation of another suit between part of plaintiffs and part of defendants. Intervenor has not shown a basis for permissive intervention under the Rules.

■ Aside from the above considerations there is another factor that would give the Court concern, even if right to permissive intervention were shown. The amended complaint describes plaintiff New York Central Railroad Company as "a consolidated corporation organized and existing under the laws of the States of New York, Ohio, Illinois, Indiana, Pennsylvania and Michigan * * *". Paragraph 1 of intervenor's tendered pleading admits the allegations of the complaint as to the States of incorporation of the New York Central Railroad. The counterclaim tendered by intervenor alleges "Chicago and Eastern Illinois Railroad Company is a corporation organized and existing under the laws of the State of Indiana * * *". As we understand the law, in a personam action, an intervenor must satisfy diversity requirements where such is the basis of jurisdiction, and where intervention destroys diversity the Court is ousted of jurisdiction. See Johnson v. Riverland Levee Dist., 8 Cir., 1941, 117 F.2d 711, 134 A.L.R. 326. The plaintiff New York Central Railroad is a consolidated corporation organized and existing under the laws of six States, including Indiana, where intervenor is incorporated. Under the situation here prevailing we do not think a different rule should be applied than that announced by the Eighth Circuit in the Johnson case. See Dodd v. Louisville Bridge Co., C.C.W.D. Ky. 1904, 130 F. 186. Intervenor, in support of its contention that for the purposes of this case the New York Central Railroad must be considered a corporation foreign to the State of Indiana, cites Boston & M. R. R. v. Breslin, 1 Cir., 1935, 80 F.2d 749, 103 A.L.R. 695. The Breslin decision is based upon a ruling of the same Court in Boston & M. R. R. v. Hurd, 1 Cir., 1901, 108 Fed. 116, 56 L.R.A. 193. Neither of these cases discuss the subject in detail. The Hurd case bases its opinion on the ruling of the Supreme Court in Nashua & Lowell R. Corp. v. Boston & Lowell R. Corp., 136 U. S. 356, 10 S.Ct. 1004, 34 L.Ed. 363. Going to the Hurd case, the Court said that the corporations involved, incorporated in various States under the same name, were of the same class described in the Nashua case. In the Nashua case, the Hurd case and the Breslin case suit was brought against the corrporation in one of the States of its incorporation. The Supreme Court in the Nashua case declares [136 U. S. 356, 10 S.Ct. 1004, 1007]:

"Whatever effect may be attributed to the legislation of Massachusetts in creating a new corporation by the same name with that of the complainant, or in allowing a union of its business and property with that of the complainant, it did not change the existence of the complainant as a corporation of New Hampshire, nor its character as a citizen of that state, for the enforcement of its rights of action in the national courts against citizens of other states."

The cases relied upon by intervenor would be in point if intervenor were suing the plaintiff New York Central in the Federal Court of either of the States of its incorporation and was a non-resident of that State. Under the authorities cited, in such circumstances the Federal Court will ignore the incorporation in the other States. But no such question is presented on the present record. Intervenor alleges it is a resident of the State of Indiana and admits one of the plaintiffs is incorporated in that State. Under this state of the record there can be no diversity of citizenship to support the jurisdiction of this Court. The very reason given by the Court in the Nashua case that prohibits the corporation from changing citizenship in the State where sued operates against intervenor when it goes into a foreign State and attempts to sue and have the Court of such foreign State select one of the States of plaintiff's incorporation as the residence of that plaintiff and ignore the others. In this State the incorporating States all stand on equal footing. We have no more authority to ignore the citizenship, for jurisdiction purposes, of plaintiff New York Central in Indiana, than of the New York corporation in New York. Jurisdiction cannot rest on a matter of choice in such circumstances. Assume intervenor filed suit against New York Central in the State court in Indiana. New York Central could not ignore its Indiana incorporation and remove the case, nor could either of the parties there support jurisdiction of the Federal Court on diversity grounds. Then by what process

of reasoning could intervenor cross the State line and support Federal jurisdiction on diversity grounds? We know of none. But even in the Breslin case the Court said, in referring to the earlier case [1st Cir. 1935, 80 F.2d 750]:

"That case has since been accepted as establishing the law of this circuit; *and while the point is not free from doubt,* the decision is by no means so clearly wrong as to require us to overrule it." (Emphasis added.)

The case of Wichita R. & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124, is not strictly a personam action, neither was the case of City of Shidler v. H. C. Speer & Sons, 10 Cir., 1932, 62 F.2d 544, and for that reason they do not support intervenor's right to intervene in this case.

■ There is a presumption against this Court's jurisdiction. Jurisdiction must affirmatively appear in the record. In case of doubt the doubt is resolved against jurisdiction. Mansfield C. & L. M. Railway Company v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462.