**AMERICAN BOWLING SUPPLY CO. Inc.**
**v. AL MARTIN, INC.**

**No. KC–115.**

United States District Court
D. Kansas.

March 5, 1951.

Louis R. Gates, Kansas City, Kan., for plaintiff.

John E. Blake, of Blake, Fabian & Fabian, Kansas City, Kan., for defendant.

David Skeer, Kansas City, Mo., and Robert P. Anderson, of Henry & Anderson, Overland Park, Kan., for intervenor.

MELLOTT, Chief Judge.

The issue before the court is whether a motion to intervene, filed by an administrator of an estate being administered in Missouri, should be granted where the complaint accompanying such motion shows that the sole relief sought by the intervenor is the recovery of a money judgment against the plaintiff, which is a Missouri corporation.

Issues have been joined in the action instituted by the plaintiff and the case has been calendared for trial within a few days. Recovery of approximately fifty percent of the alleged purchase price ($88,814.00) of some bowling alley equipment is sought in the complaint, the remainder of the purchase price having been paid prior to the institution of the suit. The contract is alleged to have been entered into on March 23, 1950. The complaint in intervention alleges that the estate of the deceased is entitled to a commission upon the sale under a contract of employment which the deceased had entered into with another corporation on February 8, 1949, which corporation, it is alleged, had transferred its assets to plaintiff under such circumstances as to entitle the deceased to a judgment against plaintiff.

At the outset the court is confronted with several questions: (1) Has the intervenor shown that this is a case for permissive intervention under Fed.Rules Civ. Proc. rule 24(b) 28 U.S.C.A.? (2) If so, should the court in the exercise of its discretion deny intervention because it would "unduly delay or prejudice the adjudication of the rights of the original parties"? Subsidiary and somewhat related questions are: (1) May this court adjudicate, and should it hear and determine, a controversy between citizens and residents of Missouri? and (2) If it declines to grant the motion, will the intervenor be prejudiced thereby? The questions will be considered together.

■ The rule relied upon Rule 24 pertains to "Intervention." The term connotes the "admission, by leave of the court, of a person not an original party to pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings * * *." 67 C.J.S., Parties, § 53, p. 974. Intervention is ancillary and supplemental to the existing litigation and, generally at least, is permitted for the purpose of

permitting proper parties to enter the litigation "and present therein their rights to some title, property, res, or fund involved therein." Adler v. Seaman, 8 Cir., 1920, 266 F. 828, 837, appeal dismissed 254 U.S. 621, 41 S.Ct. 320, 65 L.Ed. 443, certiorari denied 254 U.S. 655, 41 S.Ct. 218, 65 L. Ed. 460. The rule amplifies and restates the federal practice at the time of its adoption and cases decided prior thereto are apposite. Babcock v. Town of Erlanger, D.C.1940, 34 F.Supp. 293, 295.

Movant does not contend he may intervene as of right; so subdivision (a) of Rule 24 has no applicability. He relies upon (b) (2)—that his "claim * * * and the main action have a question of * * * fact in common." The common fact is the consideration for the property sold.

At the hearing upon the motion the court suggested the parties aid it, by the filing of briefs, in ascertaining the prevailing view, and, if possible, the announced view of the Court of Appeals for this (the Tenth) Circuit upon the first of the subsidiary questions stated earlier in this opinion, i. e., whether this court, after intervention, can determine a controversy wholly between citizens and residents of Missouri. Some of the cases cited by counsel were decided before the rules were adopted, some arose under Rule 14 pertaining to Third-Party Practice, and in some the question lurked but was not decided.

Counsel for the intervenor cite the following cases: Bernstein v. Nederlandsche-Amerikaansche, etc., D.C.S.D.N.Y.1949, 9 F.R.D. 557; Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841; Friend v. Middle Atlantic Transp. Co., 2 Cir., 1946, 153 F.2d 778; Wichita R. & Light Co. v. Pub. Util. Comm:, 1922, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; and Kentucky Natural Gas Corporation v. Duggins, 6 Cir., 1948, 165 F.2d 1011. The case chiefly relied upon, however, is Lesnik v. Public Industrial Corporation, 2 Cir., 1944, 144 F.2d 968. Counsel for the plaintiff leans heavily upon Baltimore & O. R. Co. v. Thompson, D.C.E.D.Mo. 1948, 8 F.R.D. 96, citing other cases, however, in support of his contention the claim of the intervenor is not ancillary to the main case and White v. Hanson, 10 Cir., 1942, 126 F.2d 559, holding, inter alia, that an order denying leave to intervene is not res adjudicata and leaves the applicants for intervention "at liberty to assert their rights in some other appropriate proceeding."

The Lesnik case, supra, was a "Third-Party Practice" case. While it is true, as movant points out, that the court adverted "to both the impleading of third parties and the intervening of parties," it will be noted it said "the adding of parties under the rules [is to be] viewed in the light of the ancient and well-established principle that a federal court has 'ancillary' jurisdiction to complete adjudication of interrelated matters where its jurisdiction has once been competently invoked." It also took cognizance of the fact that the general principle of federal ancillary jurisdiction "is sufficiently uncertain as to its exact limits * * * 'amorphous,' * * * to afford justification for a considerable amount of desirable procedural reform." [144 F.2d 973.] One of the cases cited in the opinion—Johnson v. Riverland Levee Dist., 8 Cir., 1941, 117 F.2d 711, 134 A.L.R. 326,—was the case principally relied upon by Judge Hulen in Baltimore & O. R. Co. v. Thompson, supra; so it and the A.L.R. annotation may appropriately be examined.

The cases collated in the annotation support plaintiff's contention that where a federal court has jurisdiction of a case as between the original parties the right of the plaintiff to proceed therein should not be subject to nullification by the intervention or subsequent joinder, without his consent, of one who was not an indispensable party to the suit. If proceedings as to the latter would not be ancillary, the case should proceed without him. Movant here, in this court's judgment, is not an indispensable party and it is quite doubtful, to say the least, if his claim for commission upon the sale can be said to be ancillary to the claim of the seller for the sale price of the property. Indeed, his complaint does not indicate

·he wishes to enter the litigation for the purpose of presenting a right to "some title, property, res, or fund involved therein." Rather it shows, as the court suggested during the oral argument, that he wishes to litigate, with the plaintiff in this proceeding, the issue whether the plaintiff corporation, its predecessor and stockholders, had "willfully, unlawfully and fraudulently" deprived his decedent of rights under a contract of employment. This is not a case within the letter or spirit of "Third-Party Practice," as outlined in Rule 14. The court should not, under any strained construction of Rule 24(b), cause it to perform a function beyond that contemplated by Rule 14.

The court declines to grant the motion for intervention. Order denying the motion will be prepared by counsel for the plaintiff. Settle in accordance with the Rules of Civil Procedure and the local Rules of Practice.