UNITED STATES of America, Plaintiff,

v.

James Patrick BROOKS and Paul H. Casey, Co–Personal Representatives of the Estate of Henry J. Casey, Defendants.

No. CV–94–483–ST.

United States District Court,
D. Oregon.

April 28, 1995.

Kristine Olson, U.S. Attorneys Office, Portland, OR, Susan M. Henderson, U.S. Dept. of Justice, Washington, DC, for U.S.

Thomas W. Brown, Austin W. Crowe, Jr., Cosgrave Vergeer & Kester, Portland, OR,

Leo S. Meysing, Portland, OR, for James Patrick Brooks and Paul H. Casey.

Rodney E. Lewis, Jr., Davis Wright Tremaine, Portland, OR, Ladd Leavens, Davis Wright Tremaine, Seattle, WA, for Casey Family Program.

## OPINION AND ORDER

STEWART, Magistrate Judge:

### INTRODUCTION

This action was brought by plaintiff the United States of America ("United States") against defendants James Patrick Brooks and Paul H. Casey, co-personal representatives ("PRs") of the Estate of Henry J. Casey ("Estate"). The United States seeks to collect over $4 million in taxes which it claims was erroneously refunded to the Estate in May 1992. The sole residuary beneficiary of the Estate, a Washington nonprofit corporation called the Casey Family Program ("CFP"), has now filed a Motion to Intervene (docket # 17). CFP moves to intervene both as a matter of right pursuant to FRCP 24(a)(2), and alternatively, with the court's permission under FRCP 24(b)(2). The PRs do not object, but the United States does object to this motion.

### DISCUSSION

A. *Intervention of Right*

1. *Legal Standard*

■ FRCP 24(a)(2) provides that intervention "shall" be permitted when an applicant claims an interest relating to the subject matter of an action, a disposition could "as a practical matter impair or impede the applicant's ability to protect that interest," and no other parties adequately represent the applicant's interest. The Ninth Circuit applies a four-part test under this rule:

(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its

ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. United States E.P.A.*, 995 F.2d 1478, 1481 (9th Cir.1993). The rule is to be "construed broadly in favor of the applicants" for intervention. *Yorkshire v. United States I.R.S.*, 26 F.3d 942, 944 (9th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 487, 130 L.Ed.2d 399 (1994).

2. *Timeliness*

■ The Ninth Circuit considers three factors in evaluating the timeliness of a motion to intervene: 1) the stage of the proceeding; 2) the prejudice to other parties; and 3) the reason for and length of delay in filing the motion to intervene. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir.1990), *cert. denied*, 501 U.S. 1250, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991).

■ This motion to intervene was filed seven months after service of the original complaint upon the PRs and only eight days before the initial date set for the close of discovery. However, the United States has advised that it does not require any discovery. Furthermore, no depositions have been taken yet, and this court extended the discovery deadline until May 31, 1995, with dispositive motions due June 6, 1995. No trial date has been set, and no significant negotiations between the parties has occurred. Because CFP does not anticipate extending discovery beyond the scope of that conducted by the Estate, the Unites States will not be prejudiced in any way if CFP intervenes at this point in the proceedings. Under these circumstances, the court finds that the motion to intervene has been timely filed.

3. *CFP's Interests*

■ CFP claims that it has a "significantly protectable" interest in the tax refund because it is the sole residuary beneficiary and the only entity that will ultimately be affected by this case. There is no dispute that CFP will receive less money from the Estate if the Estate is required to reimburse the tax refund to the United States.[1] Clearly, CFP

---

1. At oral argument, the Estate advised that it has made a partial distribution to CFP, but has set

has a significant and legally protectable interest in the tax refund by virtue of being named the residuary beneficiary by the deceased's will.

### 4. Impairment of CFP's Interests

■ Given that the outcome of this case will have a direct economic impact on CFP, the disposition of this action obviously will impair or impede its ability to protect that economic interest.

### 5. Adequacy of Representation

■ An applicant for intervention has the burden to demonstrate that its interests may not be adequately represented by the existing parties to the suit. *Blake v. Pallan,* 554 F.2d 947, 954 (9th Cir.1977); *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir.1983). The Ninth Circuit uses three factors to determine the adequacy of representation: 1) whether the interest of a present party is such that the party will undoubtedly raise the same arguments as the intervenor; 2) whether the present party is capable and willing to make such arguments; and 3) whether the intervenor would offer any necessary elements to the proceedings that the existing parties would neglect. *California v. Tahoe Regional Planning Agency,* 792 F.2d 775, 778 (9th Cir.1986). Where the intervenor and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. *American Nat'l Bank and Trust Co. of Chicago v. City of Chicago,* 865 F.2d 144, 148 n. 3 (7th Cir.1989). In damage suits, as opposed to injunctive actions, the financial stakes of the parties presumes a vigorous attack or defense, such that a showing of collusion, adversity of interest, or possible nonfeasance is required in order to establish inadequate representation. *General Motors Corp. v. Burns,* 50 F.R.D. 401, 404 (D.Hawaii 1970), *relying in part on Farmland Irr. Co. v. Dopplmaier,* 220 F.2d 247, 249 (9th Cir. 1955).

■ The objective of the PRs and the objective of CFP is the same—i.e., retaining the tax refund. However, CFP contends that the PRs may not adequately represent its interest because CFP "may wish to make different factual assertions and legal arguments than those pursued by the Estate." Intervenor's Reply to United States' Response to Motion to Intervene, p. 4. When asked at oral argument to articulate what those different factual assertions and legal arguments might be, CFP only responded that it may have a different approach to this litigation. However, CFP conceded that it would not present any different defenses, as indicated by its proposed Answer which alleges nearly all the same affirmative defenses and adds no new ones.

Moreover, CFP agrees that the PRs are ably represented. Instead, CFP argues that the PRs, as fiduciaries, have dual interests not only to defend this case, but also to administer the Estate for the benefit of all beneficiaries. Whereas the Estate has legal title to the assets, CFP claims that it has a direct monetary interest.

This court is not persuaded by CFP's argument. The sole issue in this case is whether the United States erroneously paid a tax refund to the Estate. The PRs and CFP have a common interest in preventing the United States from prevailing, and the PRs are able advocates in defending this action. Although their interests may be somewhat different, they are not adverse. There is no allegation or evidence of any collusion between the PRs and the United States, nor of any nonfeasance or neglect of duty. CFP has not demonstrated that the PRs are incapable or unwilling to make all available arguments in support of their common objectives, or that CFP will contribute some element necessary to the adjudication of this case that would otherwise be omitted. The addition of CFP will not assist the court in deciding whether the refund was made in error based on a mistake of law or fact.

■ The interest of a putative intervenor is not inadequately represented by a party to a lawsuit simply because the party to the lawsuit has a motive to litigate that is different from the motive to litigate of the interve-

---

aside reserves to cover contingent liabilities, including this claim by the United States, that

await a final distribution before the Estate can be closed.

nor. *Natural Resources Defense Council, Inc. v. New York State Dept. of Envtl. Conservation,* 834 F.2d 60, 61–62 (2d Cir.1987). To the contrary, if the party possesses the power to represent the interests of the applicants for intervention, then the representation is adequate. *Reich v. Webb,* 336 F.2d 153, 156 (9th Cir.1964), *cert denied,* 380 U.S. 915, 85 S.Ct. 890, 13 L.Ed.2d 800 (1965) (holding that the Federal Home Loan Bank Board had the necessary statutory power to secure all relief sought by the depositors of the savings and loan association, precluding intervention by the depositors as a matter of right).

The situation in this case is the mirror image of *Peterson v. United States,* 41 F.R.D. 131 (D.Minn.1966) in which the executors of an estate sought to recover federal estate taxes paid after an allegedly erroneous assessment. Two beneficiaries, one of which was the sole residuary beneficiary, sought to intervene as plaintiffs to protect their interests. They argued that the executors' interests were adverse to their interests because: 1) the executors were less interested in the lawsuit because they were affected less by the outcome; 2) the executor had a conflicting interest since she may receive some of the principal of one of the trusts; 3) the interest of each beneficiary differed; and 4) the executors, as fiduciaries, must represent dual interests of both relatives and residuary legatees. The court disagreed, given that the beneficiaries and executors each had the same interest in recovering the tax payment and adding it to the principal of the testamentary trusts. Furthermore, the court was concerned that if it permitted intervention:

> ... [S]uch a holding on these facts would be in effect a holding that all beneficiaries, heirs, legatees, etc. are entitled to intervene as a matter of right in any case where they feel that their representative may not represent them adequately. Such is not the law.

*Id* at 134.

The court denied intervention as a matter of right because the representation of their interests by the executors was adequate. It also denied permissive intervention as unnecessary "where the applicants desire merely to assist in asserting the same claim already asserted by their representatives" and because it would only service to delay disposition of the action. *Id.* at 135.

The same reasoning applies here. By virtue of their fiduciary duty to the beneficiaries of the Estate, the PRs are obligated to protect CFP's interest by vigorously defending this case.

*Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), relied upon by CFP, does not dictate a contrary result. In *Trbovich,* a union member, who had filed the initial complaint with the Secretary of Labor, was permitted to intervene in an action by the Secretary against the union to set aside an election of union officers. The court found that the adequacy of the Secretary's representation was in doubt. The Secretary served two distinct interests which "may not always dictate precisely the same approach to the conduct of the litigation:" 1) to enforce the union members' rights, and 2) to protect the broader public interest in assuring free and democratic union elections. *Id* at 539, 92 S.Ct. at 636. The Court concluded that "a valid complaint about the performance of 'his lawyer'" by the union member who initiated the entire enforcement proceedings "should be regarded as sufficient to warrant relief in the form of intervention." *Id.*

Unlike the applicant for intervention in *Trbovich,* CFP did not initiate this proceeding and does not have a valid complaint about the performance of the PRs. Nor are the PRs in this case serving two distinct interests since the Estate and the beneficiaries have the same interest.

Although not expressly articulated, CFP may fear that the PRs may be prone to compromise and settle this case against the wishes of CFP, rather than incur the costs, expense, and risk of litigating this case to judgment. However, given the fiduciary duty of the PRs to the beneficiaries, it is doubtful that the PRs would take any such action without first consulting with the sole residuary beneficiary to avoid a potential breach of fiduciary duty claim. In any event, since intervention can occur at virtually any

stage of this proceeding, CFP will have sufficient opportunity to protect its interest by attempting to intervene should this fear become reality.

Because the PRs adequately represent CFP's interest, this court finds that CFP is not entitled to intervene as a matter of right under FRCP 24(a)(2).

### B. *Permissive Intervention*

#### 1. *Legal Standard*

 The court has broad discretion in deciding a motion for permissive intervention and may grant the motion where: "(1) the movant shows an independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common." *Greene v. United States,* 996 F.2d 973, 978 (9th Cir.1993) and FRCP 24(b). However, in exercising its discretion, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24(b)(2).

#### 2. *Analysis*

As discussed above, the motion to intervene is timely and will not unduly delay or prejudice the adjudication of the rights of the United States. However, the other two requirements for permissive intervention are not satisfied.

 CFP has no claim or defense in common with the main action. The tax refund check was made payable to the PRs, and they are the only proper defendants against whom the United States may obtain judgment. If the PRs are unable to satisfy any judgment against them from the Estate's assets, the parties disagree as to whether or not the United States could collect any such judgment directly against CFP.

 More importantly, CFP has not identified any grounds, independent of the grounds asserted by the parties to this case, upon which they should be permitted to intervene. CFP is not in any sense the "real party in interest." CFP cannot make any claim against the United States given that it

is not the taxpayer or the taxpayer's representative. The taxpayer is the Estate and the PRs assume all of the powers, rights, duties and privileges of the taxpayer. 26 U.S.C. § 6903(a). A tax dispute is between the taxpayer and the United States alone, even if a third person is directly impacted by the eventual outcome. *United States v. Formige,* 659 F.2d 206, 208 (D.C.Cir.1981) (denying intervention to third party transferee of property from taxpayer). CFP had neither paid nor incurred taxes of its own arising from the Estate and thus cannot join, and indeed has not sought to join, in the counterclaims filed by the PRs. In fact, CFP would have no independent jurisdictional basis if this were a tax refund suit by the taxpayer under 28 U.S.C. § 1346(a). *See Pierson v. United States,* 71 F.R.D. 75, 82–83 (D.Del. 1976) (denying permissive intervention to the indemnifying corporation in a tax refund suit by a former shareholder of a merged company).

The cases relied upon by CFP supporting permissive intervention are distinguishable. Both *Chalmers v. United States,* 43 F.R.D. 286 (D.Kan.1967) and *Indian Refining Co. v. Dallman,* 31 F.Supp. 455 (S.D.Ill.1940), *aff'd,* 119 F.2d 417 (7th Cir.1941) were taxpayer refund suits. Intervention was permitted in *Chalmers* due to the adverse interest of the plaintiff, the deceased's second wife, and the intervenors, the deceased's children. The widow claimed that her share of the deceased's estate should not have been reduced or charged by any portion of the federal estate tax. The intervenors sided with the government, claiming that the residual share of the estate belonging to the widow individually was liable for its pro rata share of federal estate tax. Any decision adverse to the government would require the estate to pay the tax instead of the widow, and thus substantially affect the rights and property of the intervenors. The court's decision rested on several factors not present in this case. It specifically noted that if the government decided not to defend the action but compromise it, the intervenors "would be helpless to prevent such action, and they would be left without any effective means of protecting their rights." *Chalmers,* 43 F.R.D. at 291. Had the executrix obtained a disinterested

representative to maintain the action to avoid the conflict of interest, then it felt that "the equities of the situation would be substantially different." *Id.* Because of the fiduciary relationship between the PRs and CFP, no such concerns exist in the case at bar.

In *Indian Refining,* the intervenor was the real party in interest because the consignment agreements at issue made him ultimately liable for the taxes. In contrast, CFP may be the ultimate recipient of the tax refund at issue in this case, but is not ultimately liable for any judgment.

Therefore, in the exercise of its discretion, this court must deny CFP permission to intervene. Although the addition of another party would not unduly complicate or delay this case by injecting extraneous issues, CFP has not presented any compelling reason why intervention would serve any useful purpose. It seeks only to assist in asserting the same claim already asserted by its representative. Given its charitable purpose, CFP's presence in this case would no doubt make a jury more sympathetic to the Estate. However, intervention is not intended for that purpose.

Here CFP can most expeditiously assist the PRs by following the common practice of filing briefs *amicus curiae* at the appropriate time. *See Beverly Hills Federal Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.,* 33 F.R.D. 292, 294 (S.D.Cal.1962).

### ORDER

For the reasons stated above, Casey Family Program's Motion to Intervene (docket # 17) is DENIED.

